FILED

'31 JUL 18 PM 3: 43

# UNITED DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

JOSE E. STROH,

                                        Plaintiff,

Case No.:

5:01-cv-244-OC-10GRJ

                    -against-

UNITED STATES OF AMERICA,

                                        Defendant.

----------------------------------------------------------------/

## COMPLAINT

## COUNT I - INJUNCTIVE RELIEF

1.      This is a complaint for injunctive relief.

2.      Plaintiff, Jose Stroh, is a federal prisoner serving a five-year sentence. Mr. Stroh is incarcerated and currently resides in the Middle District of Florida at Coleman (Low).

3.      The Defendant is the United States government. Mr. Stroh's criminal case concluded with his sentencing on February 12, 2001 in the District of Connecticut.

4.      There are no cases pending in Connecticut or any other District in which he is a plaintiff, defendant or witness.

5.      Jurisdiction is entered on the court by 28 U.S.C. 1346.

6.      Robert Appleton, Assistant United States Attorney for the District of Connecticut, advised counsel for Mr. Stroh that the Government, utilizing the United States Marshal's service, plans to transport Mr. Stroh to the District of Connecticut.

7.      The sole purpose of transporting Mr. Stroh is for him to be brought before an

/

investigating Magistrate from Switzerland to be interrogated. There is no court proceeding planned, and the only purpose for the transfer is for the questioning by the foreign 7. Magistrate.

8.    Mr. Stroh has objected to the transfer and has instructed the Assistant United States Attorney Robert Appleton that he will not speak with the Swiss representative.

9.    Mr. Stroh's counsel has communicated to the AUSA Mr. Stroh's unwillingness – either to be transported and/or to speak with the Swiss official -- both by telephone and written communication. *See,* letter attached as Exhibit B and incorporated herein by reference.

10.    In a conversation between the United States Attorney and Mr. Stroh's lead counsel, the AUSA stated that Mr. Stroh was in the custody of the Bureau of Prisons; that Mr. Stroh and his counsel have no input as to whether Mr. Stroh is transported or not; that Mr. Stroh's inconvenience was of no concern to the United States Government; and that Mr. Stroh was going to be transported whether he was going to speak to the Swiss official or not.

11.    It is apparent that the proposed transport of Mr. Stroh is primarily for the purpose of harassment, punishment, or both.

12.    A review of the court file pertaining to Mr. Stroh in the District of Connecticut clerk's office by Mr. Stroh's local Connecticut counsel has revealed that the Government has not applied for a writ of *habeas corpus ad testificandum.*

13.    There are no sealed applications in the court file which have been filed within the time period pertinent here.

-2-

14.     The Movant has adapted to his incarceration well, and is currently rehabilitating at his site of incarceration consistent with the purpose and scheme of the federal sentencing laws.

15.     In order for the Movant to be transferred he will have to be transported at least partially by ground transportation. The transportation may take several days. During the period of transportation, Mr. Stroh will be handcuffed and shackled.

16.     On each date in transit Movant will be housed at night at various detention facilities.

17.     He will be deprived of the rights and privileges afforded him by the policies and procedures of the Bureau of Prisons.

18.     He will be deprived of visitation by members of his family, who reside in Florida.

19.     He will forfeit the opportunity to participate in various prison programs in which he is currently participating.

20.     Mr. Stroh is under no legal obligation or compulsion to sit for an interview with a Swiss Magistrate.

21.     Once Mr. Stroh is transported to Connecticut, the Assistant United States Attorney has significant control over Mr. Stroh's body and can meet with him, without counsel's knowledge or involvement.

22.     The transportation of Movant is not being done for purposes of trial testimony or prosecution.

23.     The transportation of Movant is in violation of Title 28 USCA 2241(c)(5).

24.     The transportation of Movant is inconsistent with federal law;

25.     The transportation of Movant is arbitrary.

26.     The transportation of Movant is for no valid purpose.

27.     The transportation of Movant is for the purpose of harassment.

28.     Such an arbitrary movement will deny Movant due process and his right to counsel under the United States Constitution.

29.     Plaintiff will suffer irreparable harm if an injunction is not granted.

30.     Plaintiff has no other avenue for relief.

31.     This Court enter a preliminary restraining order, prohibiting Mr. Stroh's transportation to Connecticut, until a final resolution of this matter can be achieved.

32.     This Court after full consideration of the issues grant a permanent injunction prohibiting the transfer of Mr. Stroh to Connecticut or any other location for the purpose of being interviewed by a representative of the Swiss Government.

Dated: Orlando, Florida
        July 18, 2001

                                LAW OFFICES OF HORWITZ & FUSSELL
                                a Professional Association

                By:     _____
                                **DAVID D. FUSSELL, ESQUIRE**
                                Florida Bar No.: 435147
                                17 East Pine Street
                                Orlando, Florida 32801
                                (407) 843-7733
                                Fax: (407) 849-1321
                                Attorney for Plaintiff